UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
CATBRIDGE MACHINERY, LLC                :
                                        :
        Plaintiff,                      :       Honorable Madeline Cox Arleo
                                        :       Civil Action No. 12-137 (SDW)
                                        :
        v.                              :       **REPORT AND RECOMMENDATION**
                                        :
CYTEC ENGINEERED MATERIALS              :
INC.,                                   :
                                        :
        Defendant.                      :
_____ :

        Before this Court is the motion of plaintiff Catbridge Machinery, LLC ("plaintiff") to set

aside the Notice of Voluntary Dismissal Without Prejudice of January 16, 2012 ("January 16,

2012 Voluntary Dismissal") and award attorney's fees and costs to plaintiff for having to prepare

the instant motion.  (Dkt. Entry 7).  Defendant Cytec Engineered Materials Inc. ("CEM")

opposes the motion and request for fees.  Judge Wigenton referred the motion to me for Report

and Recommendation.  No oral argument was heard pursuant to FED. R. CIV. P.  78.

        Having considered the parties' submissions, for good cause shown, and for the reasons set

forth herein, this Court recommends that the motion to set aside the January 16, 2012 Voluntary

Dismissal of January 16, 2012 be **GRANTED**, and that plaintiff's request for attorney's fees and

costs be **DENIED**.

I.      **BACKGROUND**

        This suit arises from a contract dispute between plaintiff and CEM, whereby plaintiff, the

seller, alleges that CEM, the buyer, owes approximately $682,500, pursuant to two Equipment

Purchase Agreements for machinery ("Contracts").  Before plaintiff filed the instant suit against

CEM, on September 6, 2011, plaintiff filed a prior breach of contract action against another entity, Cytec Industries, Inc. ("Cytec"), d/b/a Cytec Engineered Materials in the Superior Court of New Jersey, Law Division, Passaic County ("Cytec Action").

On September 27, 2011, attorney Christopher Weiss, on behalf of Cytec, served notice on plaintiff, pursuant to N.J. Ct. Rule 1:4-8 and N.J.S.A. § 2A:15-59.1, demanding that plaintiff withdraw its complaint as frivolous. (Robert Zeller Aff. of Feb. 1, 2012 ("Zeller Aff.") at ¶ 10 & Exh. B). According to Cytec, plaintiff had incorrectly sued Cytec as it was not a party to the disputed Contracts with plaintiff. (Id.) Instead, Cytec contended that CEM, not Cytec, contracted with plaintiff to purchase the equipment at issue. (Id.) Cytec further noted that the complaint contained no allegations directly against CEM or any allegations that Cytec had ever transacted business under the CEM name. (Id.) Since plaintiff asserted breach of contract and related claims against Cytec, an entity that is neither a party to the Contracts nor a recipient of the purchased equipment, Cytec argued that the claims lacked any legal or factual basis. (Id.) Finally, Cytec noted that because the Contracts contained a mandatory and exclusive arbitration provision for resolution of disputes arising out of the Contracts, the suit must be dismissed based on this independent ground. (Id.)

On October 11, 2011, Cytec filed a motion to dismiss the complaint. (Zeller Aff. at ¶ 11). On October, 25, 2011, attorney Robert Zeller, counsel for plaintiff, sent an email to attorney Weiss, confirming plaintiff's intent to file a motion to voluntarily dismiss the complaint based solely on plaintiff's mistake in naming Cytec, instead of CEM, as the proper party defendant in connection with the breach of contract dispute. (Id. at ¶ 12). On October 31, 2011, plaintiff filed a voluntary dismissal without prejudice of the action against Cytec. (Christopher Weiss Decl. of

Feb. 20, 2012 ("Weiss Decl.") at ¶ 10 & Exh. F).

On November 17, 2011, plaintiff filed the instant breach of action against CEM only in the Superior Court of New Jersey, Law Division, Morris County.  The Complaint is based on the same set of facts and legal theories, and contains the same breach of contract and related claims as in the Cytec Action.  Yet, in this action, plaintiff alleges that the mandatory and exclusive arbitration provisions contained in the Contracts are not applicable to the instant suit.

There is no dispute that CEM is the proper party to the Contracts.  However, on December 9, 2011, Mr. Weiss, on behalf of CEM, served another N.J. Ct. Rule 1:4-8 Notice on plaintiff.  Mr. Weiss cited the Contracts' arbitration provisions as a basis for his Rule 1:4-8 Notice.  (Weiss Decl., at ¶ 12 & Exh. H).  Mr. Weiss warned plaintiff's counsel that, if plaintiff did not voluntarily dismiss the instant complaint, CEM would move to dismiss and for sanctions. (Id.)

On January 3, 2012, CEM removed the action based on this Court's original jurisdiction, pursuant to 28 U.S.C. § 1331.  Specifically, CEM intended to petition this Court to compel arbitration, pursuant to 9 U.S.C. § 4, as the parties were contracted to do.  (Notice of Removal & Weiss Decl., at ¶ 13).

On January 4, 2012, attorney Zeller asked attorney Weiss whether CEM would waive its demand for arbitration, allow the litigation claim to proceed in this court, and explore mediation. (Zeller Aff., at ¶17; Weiss Decl., at ¶ 14).  Mr. Weiss maintained that arbitration was contractually required, and thus CEM would not waive its demand for arbitration.  (Weiss Decl., at ¶ 14; Zeller Aff., at ¶ 18).  Mr. Weiss asked whether plaintiff would agree to voluntarily dismiss the action without prejudice and instead proceed with arbitration.  (Zeller Aff., at ¶ 18).

3

On January 5, 2012, Mr. Weiss advised that CEM would file another motion to dismiss unless plaintiff agreed to voluntarily dismiss the action.  (Weiss Decl., at ¶ 16).  It is undisputed that Mr. Zeller informed Mr. Weiss that plaintiff would file a voluntary dismissal of the action without prejudice and without costs and then file a petition for arbitration after plaintiff was provided with the assigned civil action number for the now removed case.  (Zeller Aff., at ¶ 19 & Exh. F; Weiss Decl., at ¶¶ 16, 17).  The parties, however, dispute whether counsel, respectively, entered into a verbal agreement whereby plaintiff would voluntarily dismiss the instant action without prejudice in exchange for proceeding instead to arbitration.  Mr. Zeller maintains that he and Mr. Weiss reached such a verbal agreement.  (Zeller Aff., at ¶ 3).  Mr. Weiss denies the existence of an agreement, arguing instead that arbitration was contractually mandated.  (Weiss Decl., at ¶¶ 15, 16).

By email dated January 10, 2012, Mr. Weiss provided the civil action number to Mr. Zeller.  (Zeller Aff., at Exh. G).  On January 16, 2012, plaintiff filed a Notice of Voluntary Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  (Weiss Decl., at Exh. J).  On January 17, 2012, plaintiff filed a petition for arbitration with the American Arbitration Association.  (Zeller Aff., at Exh. H).

According to Mr. Weiss, after receiving plaintiff's January 16, 2012 Voluntary Dismissal, he reviewed Rule 41 and discovered the application of what is known as the "two dismissal rule," under subsection (a)(1) of the rule.  The "two dismissal rule" provides that a second voluntary dismissal without prejudice operates as a final judgment on the merits.  See Fed. R. Civ. P. 41(a)(1).  It is undisputed that on January 20, 2012, Mr. Weiss spoke with Mr. Zeller, referring him to the "two dismissal rule."  (Zeller Aff., at ¶ 5;  Weiss Decl., at ¶ 22).  Mr. Weiss

advised that CEM now maintained that the second voluntary dismissal (i.e., the dismissal of the instant federal action) operated as "an adjudication on the merits" of plaintiff's claims against CEM because plaintiff had already voluntarily dismissed the Cytec Action in state court (i.e., the first action). (Weiss Decl., at ¶ 22).

On January 23, 2012, Mr. Zeller emailed Mr. Weiss, reiterating their prior verbal agreement and further noting plaintiff's position that the "two dismissal rule" did not apply to circumstances, such as here, where one of the dismissals was done by agreement among the parties. (Zeller Aff., at ¶ 6 & Exh. A). Mr. Zeller suggested that the parties enter into a stipulation that the voluntary dismissal without prejudice did not act as an adjudication on the merits. (Id. at Exh. A). In response, Mr. Weiss insisted that the "two dismissal rule" applied and rejected plaintiff's suggestion to enter into any stipulation to the contrary. (Id.) The instant motion ensued.

## II.   <u>MOTION TO VACATE THE JANUARY 16, 2012 VOLUNTARY DISMISSAL</u>

In support of its motion, plaintiff contends that the "two-dismissal" rule under Fed. R. Civ. P. 41(a)(1)(B) does not apply because the second dismissal was filed based on the parties' agreement to arbitrate the underlying contractual dispute. Alternatively, plaintiff moves for relief under Fed. R. Civ. P. 60(b)(6), based on the exceptional circumstances of this case. Specifically, if the Court does not uphold counsel's prior verbal agreement, plaintiff will be unfairly foreclosed from having its claims decided on the merits. Finally, plaintiff requests that the Court compel arbitration and award plaintiff attorney's fees and costs incurred by filing the instant motion.

In opposition, CEM argues that because plaintiff twice voluntarily dismissed its

complaints (once in state court and once in federal court), the "two-dismissal rule" bars plaintiff from pursuing its claims because the second voluntary dismissal operates as an adjudication on the merits under Rule 41(a)(1)(B).  Furthermore, not only does CEM dispute the existence of any prior verbal agreement to dismiss this action in exchange for arbitrating the parties' claims, but CEM contends that any such agreement cannot save plaintiff's claims.  According to CEM, at the time counsel entered into the alleged verbal agreement, neither of them were aware of the governing "two-dismissal rule."  The rule applies irrespective of whether counsel or the parties knew about the rule. CEM also contends that counsel's mutual ignorance of the application of the "two-dismissal rule" does not rise to the level of extraordinary, warranting relief from the final order, under Rule 60(b)(6).  CEM argues that plaintiff intentionally and knowingly filed the first and second voluntary dismissals, and thus, cannot now seek relief from its deliberate choices.

## III.   ANALYSIS

### A.   Fed. R. Civ. P. 41(a)(1)(B)

Under Fed. R. Civ. P. 41(a)(1)(B), the "two-dismissal rule" applies when "the plaintiff previously dismissed any federal- or state- court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."  Fed. R. Civ. P. 41(a)(1)(B). Here, the parties dispute the application of the "two-dismissal rule."  However, both parties ignore that in each action, separate, unrelated defendants were named, precluding application of the "two-dismissal rule."

Several courts both within and outside this Circuit had concluded that the two-dismissal rule does not apply unless the defendants are "'the same or substantially the same or in privity in both actions.'"  American Cyanamid Co. v. Capuano, 381 F.3d 6, 17 (1st Cir. 2004) (quoting

Moore's Federal Practice § 41.04 (2d ed. 1996)).  In Capuano, the First Circuit found that the

"two-dismissal rule" did not apply because the defendants to the second litigation were neither

defendants in nor in privity with the named defendants in the first litigation.  Capuano, 381 F.3d

at 17.

Other courts have similarly held that the defendants in both actions have to be the same,

substantially the same, or in privity with one another before applying the "two-dismissal rule."

See, e.g., Hancock v. Pomazal, 416 F. App'x 639, 640 (9th Cir. Feb. 15, 2011) (applying the

two-dismissal rule where plaintiff voluntarily dismissed two actions against the same defendants

"alleging the same claims"); Radongna v. Ashland Inc., No. 04-CV-2007, 2005 WL 736599, at

*1 (E.D. Pa. Mar. 30, 2005) (determining that plaintiff named "identical parties as defendants" in

the first and second actions before applying the two dismissal rule); Thomas v. Ramapo College

of New Jersey, No. 10-CV-3898, 2011 WL 3206448, at * 2 (D.N.J. Jul. 27, 2011) (noting that

plaintiff is subject to consequences under Rule 41 where "plaintiff does file the same claims

against the same defendants after a Rule 41 voluntary dismissal."); Richards v. Burgett, Inc., No.

10-CV-7580, 2011 WL 1303287, at * 5 (N.D. Ill. Apr. 4, 2011) (requiring defendants to be "the

same, substantially the same, or in privity" before applying the two-dismissal rule) (Internal

citation omitted); Matvejs v. Martin County Sheriff's Office, No. 06-CV-14133, 2006 WL

3755202, at * 3 (S.D. Fla. Dec. 19, 2006) (deciding that "[t]he Court does not need to reach

Plaintiff's second argument, because the fact that the current Defendants were not parties to both

of the first two lawsuits makes the 'two dismissal rule' inapplicable here.").

This Court finds compelling the reasoning of those courts that have declined to apply the

two-dismissal rule where the defendants in both actions are not the same or in privy with one

another.  Those cases cited by CEM do not compel a different result because they involved two actions against the same defendant, thus implicating the "two dismissal rule."  See Kandiah, LLC v. JP Morgan Chase Bank, N.A., No. 08-CV-6956, 2009 WL 1704570, at *1 (S.D.N.Y. Jun. 18, 2009) (finding that plaintiff "assert[ed] similar claims against the defendants based on the same transaction and occurrence as the previous federal suit.").

Here, it is undisputed that in the first action, plaintiff mistakenly named Cytec, instead of CEM, as the proper defendant, and alleged that Cytec breached the disputed Contracts.  Indeed, on September 27, 2011, Mr. Weiss, on behalf of Cytec, sent a N.J. Ct. Rule 1:4-8 Notice to plaintiff asserting that plaintiff sued the wrong party defendant.[1]  CEM has maintained that Cytec was never a party to the disputed Contracts, not in privity,[2] and thus was not properly named as a defendant in the Cytec Action.  In fact, defense counsel threatened that the first lawsuit against Cytec, which entity had nothing to do with the Contracts, was "frivolous."

Accordingly, since CEM, defendant in this second action was neither a defendant in nor in privity with Cytec, the named defendant in the first action, the Court concludes that given the purpose of the "two-dismissal rule," under Rule 41(a), it does not apply to the circumstances of this case.  See Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 397, 110 S. Ct. 2447, 2456 (1990)

---

[1] In his January 24th letter, Mr. Weiss misstates that CEM was the same defendant in both actions.

[2] With regard to privity, the Third Circuit has held that "[a] relationship is usually considered 'close enough' only when the party is a virtual representative of the nonparty, or when the nonparty actually controls the litigation." Collins v. E.L. Dupont de Nemours & Co., 34 F.3d 172, 176 (3d Cir. 1994).  "Virtual representation does not mean merely that someone in the suit serves the interests of the person outside the suit.  It requires a relationship by which the party in the suit is the legally designated representative of the non-party, as is made clear from the examples in the Restatement (Second) of Judgments." Id. at 176-77.  Accord Restatement (Second) of Judgments § 41 (1982).

(noting that Rule 41(a)(1) was designed to prevent "'the annoying of a defendant by being summoned into court in successive actions . . .'") (Internal quotation omitted).

Thus, the January 16, 2012 Voluntary Dismissal by plaintiff does not operate as a final adjudication on the merits of plaintiff's claims against CEM in this case. As such, the Court respectfully recommends that the District Judge grant, in its discretion and for good cause, plaintiff's motion to vacate the voluntary dismissal of January 16, 2012. Alternatively, for the reasons set forth below, the Court finds that Fed. R. Civ. P. 60(b) provides an independent basis to grant plaintiff's motion to vacate the January 16th voluntary dismissal.

### B.  Fed. R. Civ. P. 60(b)(6)

Under Fed. R. Civ. P. 60(b), a party may seek relief from a final judgment in a narrow set of circumstances. Here, plaintiff seeks relief under subsection (6) of Rule 60(b), which is a catchall provision. Subsection (6) provides that "[o]n motion and just terms, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from operation of the judgment." Fed. R. Civ. P. 60(b)(6). While the purpose of Rule 60(b) is "to strike a balance between 'serving the ends of justice and preserving the finality of judgments,'" Kandiah, LLC , No. 08-CV-6956, 2009 WL 1704570, at *1(internal quotation omitted), the Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2012) (Internal quotation omitted).

Here, plaintiff asserts that this case presents extraordinary circumstances because application of the "two-dismissal rule" and failure to enforce counsel's prior verbal agreement

9

will unfairly deny plaintiff the opportunity to have its claims adjudicated on the merits. Significantly, this Court previously found that the two-dismissal rule does not apply to render the January 16, 2012 Voluntary Dismissal as a final order and an adjudication on the merits. Therefore, since the January 16, 2012 Voluntary Dismissal does not operate as a final order, there is no basis for the court to vacate the dismissal under Rule 60(b).  See Ajiwoju v. Cottrell, 245 F. App'x 563, 565 (8th Cir. 2007) (holding that a district court lacks jurisdiction to vacate a dismissal under 60(b) if the dismissal does not operate as a final order or judgment); see also Tundell v. Merck & Co., Inc., No. 06-CV-375, 2008 WL 2385508, at * 2 (N.D. Fla. Jun. 9, 2008) (noting "[a]s a threshold matter, it is not readily apparent that the [district] court had jurisdiction under Rule 60(b) to consider . . . motion to vacate because a notice of voluntary dismissal seemingly does not constitute a "final judgment, order, or proceeding").

Alternatively, even if the two-dismissal rule applied, and thus the January 16, 2012 Voluntary Dismissal operated as a final adjudication on the merits and a final order, the Court would find that equitable principles warrant vacating the final order under Rule 60(b)(6). Although CEM argues that plaintiff has failed to demonstrate the presence of extraordinary circumstances under Rule 60(b)(6), the Court finds that the unique procedural history and counsel's respective representations justify relief under the rule.

Here, it is undisputed that attorney Zeller informed attorney Weiss that plaintiff would file a voluntary dismissal of the action without prejudice and without costs and then file a petition for arbitration after plaintiff was provided with the assigned civil action number for the now removed case.  It is further undisputed that both attorneys acted consistent with this representation.  Mr. Weiss subsequently provided Mr. Zeller with the civil action number.  Mr.

Zeller then filed the voluntary dismissal and filed a petition for arbitration.  It was not until Mr. Zeller filed the voluntary dismissal did Mr. Weiss decide to review Rule 41(a)(1)(B) and the potential impact of filing such a dismissal.  At that time, Mr. Weiss, on behalf of his client, took a position completely contrary to counsels' representations before the filing of the voluntary dismissal.

Under the New Jersey Federal Practice Rules, lawyers owe duties to opposing counsel. Mr. Weiss has a professional duty to "in good faith adhere to all express promises and to agreements with other counsel, whether oral or in writing, and to all agreements implied by the circumstances or local customs."  LITE, FEDERAL PRACTICE RULES (GANN), Appendix R, ¶ 6 at 607 (2012).  In addition, "[t]o opposing counsel, a lawyer owes a duty to respect, courtesy and fair dealing, candor in the pursuit of truth, cooperation in all respects not inconsistent with the client's interests, and scrupulous observance of all agreements and mutual understandings." N.J. PRINCIPLES OF PROFESSIONALISM FOR LAWYERS AND JUDGES, *Lawyers' Relations with Other Counsel*, ¶ 2 (2012).  As such, Mr. Weiss had a professional duty to attempt to resolve counsels' mutual misunderstanding about the application of the "two-dismissal rule," rather than subsequently use it as a sword against Mr. Zeller and his client.

In short, the Court finds that plaintiff has demonstrated the existence of extraordinary circumstances here.  As such, this Court is satisfied that plaintiff's voluntary dismissal should be vacated in the interests of justice and equity under Rule 60(b)(6).  Therefore, the Court respectfully recommends that plaintiff's motion to vacate be **GRANTED** on this basis.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, this Court respectfully recommends that plaintiff's

motion to vacate its Voluntary Dismissal of January 16, 2012 be **GRANTED**.  In light of the

Court's ruling herein, the Court further recommends that the parties be compelled to proceed to

arbitration.  Finally, the Court recommends that plaintiff's request for fees and costs incurred

with preparing the instant motion be **DENIED** given the unique and complicated legal issues

involved in the motion to vacate.

      The parties have fourteen (14) days from receipt hereof to file and serve objections.


    *s/Madeline Cox Arleo*

    **MADELINE COX ARLEO**
    **United States Magistrate Judge**


Date: April 18, 2012