UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATBRIDGE MACHINERY, LLC, | |
| Plaintiff, | Civil Action No. 12-137 (SDW) (MCA) |
| v. | **OPINION** |
| CYTEC ENGINEERED MATERIALS, | |
| Defendants. | July 18, 2012 |

**WIGENTON**, District Judge.

Before the Court is Defendant Cytec Engineered Materials' ("CEM" or "Defendant") Objection to the Report and Recommendation ("R&R") of United States Magistrate Judge Madeline Cox Arleo filed on April 19, 2012, granting Catbridge Machinery, LLC's ("Catbridge" or "Plaintiff") Motion to Vacate its January 16, 2012 Voluntary Dismissal ("Motion"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b). This Motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, this Court **ADOPTS** Magistrate Judge Arleo's R&R filed on April 19, 2012, in its entirety.

**FACTUAL AND PROCEDURAL HISTORY**

On September 6, 2011, Plaintiff filed a suit in the Superior Court of New Jersey, Law Division, Passaic County, against Cytec Industries, Inc. ("Cytec"), d/b/a Cytec Engineered Materials, for breach of contract ("Cytec Action"). (R&R at 2.) Catbridge alleged that Cytec owed it money from two Equipment Purchase Agreements for

1

machinery ("Contracts").  On September 27, 2011, attorney Christopher Weiss ("Weiss"), on behalf of Cytec, served Plaintiff with a notice to withdraw the complaint in the Cytec Action pursuant to N.J. Ct. Rule 1:4-8 and N.J. Stat. Ann. § 2A:15-59.1.  (Id.)  Cytec maintained that it was improperly sued because it was not a party to the Contracts.  (Id.)  Thereafter, on October 11, 2011, Cytec filed a motion to dismiss.  (Id.)  On October 25, 2011, Plaintiff's attorney, Robert Zeller ("Zeller"), contacted Weiss to inform him that Catbridge would be filing a motion to voluntarily dismiss the complaint.  (Id.)  Subsequently, on October 31, 2011, Plaintiff filed a voluntary dismissal.  (Id.)

On November 17, 2011, Plaintiff filed this action for breach of contract against Defendant in the Superior Court of New Jersey, Law Division, Morris County, alleging that Defendant owed it $682,500 under the Contracts.  (Id. at 1, 3.)  This action is based on the same set of facts as the Cytec Action.  However, in this action, Plaintiff adds that the mandatory arbitration provision in the Contracts is inapplicable.  (Id. at 3.)

On December 9, 2011, Weiss, on behalf of Defendant, served Plaintiff with an N.J. Ct. Rule 1:4-8 Notice.  (Id. at 3.)  On January 3, 2012, CEM removed the action to this District.  (Id.)  Defendant sought this Court to compel arbitration.  (Id.)  Although Zeller requested that CEM waive its demand for arbitration, CEM maintained that arbitration was contractually mandated and asked Catbridge to voluntarily dismiss the action and proceed with arbitration.  (Id.)  Weiss, however, inquired whether Plaintiff would agree to voluntarily dismiss the action without prejudice and proceed with arbitration.  (Id.)  On January 5, 2012, Plaintiff informed CEM that it would file a voluntary dismissal of the action and pursue arbitration.  (Id. at 4.)  There is no dispute that Zeller informed Weiss that Catbridge would file a motion for voluntary dismissal of

2

the action without prejudice and file for arbitration after CEM provided it with the assigned civil action number for this case. (Id.) However, there is a dispute as to whether the parties entered into a verbal agreement whereby Catbridge would voluntarily dismiss this action without prejudice in exchange for filing a petition for arbitration. Catbridge contends that the parties entered into such an agreement. (Id.) On the other hand, CEM asserts that there was no such agreement because the parties were contractually obligated to enter into arbitration. (Id.)

Consistent with the parties' agreement, on January 10, 2012, Defendant provided Plaintiff with a civil action number and on January 16, 2012, Plaintiff filed a notice of voluntary dismissal. (Id.) Weiss asserts that after receiving the notice of voluntary dismissal, he discovered the "two-dismissal rule," which provides that a second voluntary dismissal without prejudice operates as a final judgment on the merits. (Id.) See Fed. R. Civ. P. 41(a)(1)(B). Subsequently, on January 20, 2012, Weiss informed Zeller that CEM's position was that the second voluntary dismissal rendered this action "adjudicat[ed] on the merits." (R&R at 4-5.)

Thereafter, on January 23, 2012, Zeller informed Weiss that the "two-dismissal rule" did not apply to this action because the second voluntary dismissal was done pursuant to an agreement with CEM. (Id. at 5.) Weiss asserted that the "two-dismissal rule" applied. (Id.)

The instant action arose. Catbridge contends that the "two-dismissal rule" does not apply because the second dismissal was done pursuant to the parties' agreement to arbitrate the dispute. (Id.) Alternatively, Plaintiff asserts that the exceptional circumstances attendant in this case support relief under Federal Rule of Civil Procedure

60(b)(6).  (Id.)  On the other hand, CEM maintains that the "two-dismissal rule" applies and bars Plaintiff from pursuing this action.  Defendant also argues that there are no exceptional circumstances here to warrant relief under Rule 60(b)(6).  (Id. at 6.)

Judge Arleo concluded that this action was not barred by the "two-dismissal rule" because CEM was not a party in the Cytec Action or in privity with Cytec.  (Id. at 8.)  Alternatively, Judge Arleo found Catbridge was entitled to relief under Rule 60(b)(6).  (Id. at 9.)

**LEGAL STANDARD**

A district court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the court.  28 U.S.C. § 636(b)(1)(B).  The Federal Magistrate Act "distinguishes between two categories of matters that a district judge can refer to a magistrate judge."  Nat'l Labor Relations Bd. v. Frazier, 966 F.2d 812, 816 (3d Cir. 1992).  The two categories are pretrial matters and dispositive matters. § 636(b)(1)(A); Nat'l Labor Relations Bd., 966 F.2d at 816.  Pretrial matters are reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  § 636(b)(1)(A).  On the other hand, dispositive matters are reviewed under the *de novo* standard.  § 636(b)(1)(C).  Once a magistrate judge has filed her recommendation with the court, within a fourteen day period after being served, "any party may serve and file written objections to such proposed findings and recommendations . . . [and a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.  See also Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("If

4

a party timely and properly files such a written objection, the District Court 'shall make a de novo determination' of those portions of the report . . . or recommendations to which objection is made."). Thus, this Court will review Defendant's objections to Judge Arleo's R&R under the *de novo* standard of review.

**DISCUSSION**

Defendant objects to Judge Arleo's R&R on the following grounds: (1) the "two-dismissal rule" applies in this matter because it is in privity with Cytec; and (2) Plaintiff has not shown the existence of extraordinary circumstances to warrant vacation of the January 16, 2012 Voluntary Dismissal under Rule 60(b)(6). (Def.'s Opp'n to R&R 8, 13.)

### 1. Whether the "Two-Dismissal Rule" Applies to this Action

Under Rule 41(a)(1)(B), "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Defendant argues that this action is barred because Plaintiff voluntarily dismissed the Cytec Action, which asserted the same claim. (Def.'s Opp'n to R&R 8-9.) Defendant adds that even though the prior dismissal was against Cytec, the "two-dismissal rule" still applies because it has a parent/subsidiary relationship with Cytec; therefore, they are "considered to be substantially the same and in privity with each other." (Id. at 9.)

Several courts have found that the "two-dismissal rule" applies when the defendants are the "same or substantially the same or in privity in both actions." Am. Cyanamid Co. v. Capuano, 381 F.3d 6, 17 (1st Cir. 2004) (internal quotation marks omitted).  See also Hancock v. Pomazal, 416 F. App'x 639, 640 (9th Cir. 2011)

5

(concluding that "two dismissal rule" applied where plaintiff voluntarily dismissed two identical claims against the same defendant); Thomas v. Ramapo College of New Jersey, Civ. A. No. 10-3898, 2011 U.S. Dist. LEXIS, at *6 (D.N.J. Jul. 27, 2011) (holding that "two-dismissal rule" applied where the "plaintiff . . . file[d] the same claims against the same defendants after a Rule 41 voluntary dismissal."); Radogna v. Ashland, Inc., Civ. A. No. 04-CV-2007, 2005 WL 736599, at *1 n.2 (E.D. Pa. Mar. 30, 2005) (finding that "two-dismissal rule" applied because the plaintiff named "identical parties as defendants" in both actions). Plaintiff's claim in this action is the same as its claim in the Cytec Action; however, the defendants are different. Therefore, Judge Arleo concluded that the "two-dismissal rule" would apply if the defendants are the same or in privity with each other. (R&R at 7-8.)

"The term 'privity' . . . has . . . come to be used more broadly[] as a way to express the conclusion that nonparty preclusion is appropriate on any ground." Taylor v. Sturgell, 553 U.S. 880, 894 n.8 (2008) (internal citations omitted). In Taylor, the Supreme Court identified six categories where privity has been found to exist:

> 1) the nonparty agrees to be bound by the determination of issues in an action between others;
> 2) a substantial legal relationship-i.e. traditional privity- exists that binds the nonparty;
> 3) the nonparty was "adequately represented by someone with the same interests who [wa]s a party";
> 4) the nonparty assumes control over the litigation in which the judgment is rendered;
> 5) the nonparty attempts to bring suit as the designated representative of someone who was a party in the prior litigation; and,
> 6) the nonparty falls under a special statutory scheme that "expressly foreclos[es] successive litigation by nonlitigants."

6

Nationwide Mutual Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 312-13 (3d Cir. 2009) (alterations in original) (citing Taylor, 553 U.S. at 893-95). See also Nationwide Mutual Fire Ins. Co., 571 F.3d at 312 ("[P]rivity requires a prior legal or representative relationship between a party to the prior action and the nonparty against whom estoppel is asserted.").

Judge Arleo correctly concluded that there is no privity between CEM and Cytec. As Judge Arleo noted, "it is undisputed that in the first action, [Catbridge] mistakenly named Cytec, instead of CEM, as the proper defendant." (R&R at 8.) In fact, Weiss' September 27, 2011 N.J. Ct. Rule 1:4-8 Notice to Catbridge was based on CEM's position that Cytec was not the appropriate party to sue because it was not a party to the Contracts. CEM's position during the entirety of the Cytec Action was that "Cytec was never a party to the Contracts, not in privity, and thus was not properly named as a defendant." (Id.) Defendant's representations in the Cytec Action as to its relationship with Cytec undercut any claim that scenarios one, two, three or four are applicable to this action. Similarly, scenarios five and six are clearly inapplicable to this case. Defendant cannot turn around and claim that there is privity now that it is beneficial to its position. Since CEM insisted that it was not named in the Cytec Action and had no legal relationship to represent Cytec in that action, the "two-dismissal rule" cannot be invoked in this matter.

**2. Whether Catbridge is Entitled to Relief Under Rule 60(b)(6)**

Rule 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

7

> discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978). According to the Third Circuit, a Rule 60(b)(6) motion "must be fully substantiated by adequate proof and its exceptional character must be clearly established." FDIC v. Alker, 234 F.2d 113, 117 (3d Cir. 1956). The court may grant relief under Rule 60(b)(6) "only in cases evidencing extraordinary circumstances." Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975) (citing Ackermann v. United States, 340 U.S. 193 (1950)). See also In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988) ("This court has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances.") (internal quotation marks omitted). Finally, such a motion is "'addressed to the sound discretion of the trial court.'" Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (emphasis added) (quoting Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981)).

Judge Arleo concluded that the Court was precluded from granting relief under Rule 60(b)(6) because of its previous determination that the "two-dismissal rule" did not apply. (R&R 10). Nonetheless, she found that even if the "two-dismissal rule" did apply, "the unique procedural history and counsel's respective representations justify relief under the rule." (Id.) Defendant argues that Plaintiff has not established the existence of extraordinary or exceptional circumstances. CEM also contends that relief is

8

not warranted in circumstances where an attorney is careless or ignorant.  (Def.'s  Opp'n to R&R 15.)  This Court is not persuaded by Defendant's arguments.

The record clearly shows that Zeller informed Weiss that Catbridge would voluntarily dismiss the action without prejudice and file for arbitration after CEM provided it with the assigned civil action number.  (R&R at 4.)  As Judge Arleo noted, "it is undisputed that both attorneys acted consistent with this representation" because subsequently, Weiss provided Zeller with the civil action number for this action and Zeller filed the voluntary dismissal and filed for arbitration.  (Id. at 10-11.)  It is also undisputed that at that time both Weiss and Zeller were unaware of the "two-dismissal rule" because Weiss asserts that he did not review Rule 41(a)(1)(B) until after Zeller filed the voluntary dismissal.  (Id. at 11.)  The record shows that both parties made a prior agreement to follow through with a voluntary dismissal in order to pursue arbitration.  (See id. at 10-11.)  CEM's current position is inconsistent with that agreement.  As Judge Arleo correctly noted, Weiss owed a duty "'in good faith [to] adhere to all express promises and to agreements with other counsel, whether oral or in writing.'"  (Id. at 11) (citing L. Civ. R. 103.1 app. R Lawyers' Duties to Other Counsel ¶ 6, reprinted in Allyn Z. Lite, New Jersey Federal Practice Rules 603 (2012)).  Furthermore, the cases CEM relies on, which hold that an attorney's oversight is inexcusable and does not warrant relief under Rule 60(b), are distinguishable because there was a prior agreement between the parties in this case.  Thus, those cases are inapplicable.

**CONCLUSION**

For the reasons stated above, this Court ADOPTS Judge Arleo's R&R filed on April 19, 2012, granting Plaintiff's Motion.  This Court also DENIES Plaintiff's request for fees and costs associated with the preparation of this Motion.


s/ Susan D. Wigenton<br>**Susan D. Wigenton, U.S.D.J.**


cc:  Madeline Cox Arleo, U.S.M.J.